# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 98-30755
Summary Calendar

BEN CHARLES,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL, Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC 97-CV-1406

April 14, 1999

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The plaintiff-appellant, Ben Charles, appeals the district court's judgment that the Commissioner of Social Security properly denied his claim for disability and supplemental security income benefits. Charles first applied for these benefits in February 1991, on the basis that he became disabled in June 1986 as a result of an injury to his right hand. On appeal, Charles argues that the (1) administrative law judge (ALJ) assigned to this case did not afford proper weight to a psychologist's opinions regarding his mental status; (2) ALJ denied him due process of law by failing to issue a subpoena compelling the presence of the Commissioner's consulting psychologist; (3) ALJ improperly expunged the consulting psychologist's report from the record;

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

(4) ALJ's step 5 hypothetical questions to the vocational expert were defective; (5) vocational expert's step 4 responses to the ALJ's step 5 questions were defective; and (6) ALJ's introduction of Charles's vocational factors into the hypothetical questions posed to the vocational expert propelled the sequential evaluation process into step 5, thereby requiring alternative or "other" work testimony from the vocational expert to carry the Commissioner's step 5 burden. Charles further argues that the Commissioner's finding that he could perform his past relevant work was not supported by substantial evidence in the record.

We limit our review of a denial of disability benefits to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the Commissioner applied the proper legal standards in evaluating the evidence.[1] Although we review the entire record, we do not reweigh the evidence or substitute our judgment for the judgment of the Commissioner.[2]

We have reviewed the record and the briefs filed by the parties, and find no error in the judgment of the district court. We agree with the magistrate judge's report and recommendation, which was adopted by the district court, that the Commissioner's decision is supported by substantial evidence in the record and is consistent with relevant legal standards.[3] Accordingly, we affirm.

AFFIRMED.

---

[1]     *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

[2]     *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

[3]     *See Charles v. Apfel*, No. 97-CV-1406 (W.D. La. May 27, 1998).

2